UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

Hearing Date: March 14, 2024
Hearing Time: 10:00 a.m

------------------------------------------------------------x

In Re:

MARK A. FOCHT

Case No. 24-10197(DSJ)
**NOTICE OF HEARING**

------------------------------------------------------------x

PLEASE TAKE NOTICE that a hearing on WEST 30TH HL LLC's ("Landlord") Motion for Confirmation that the Automatic Stay Does Not Apply Pursuant to 11 USC 362(l)(3)(B)(i) or, in the alternative, for Relief from the Automatic Stay Pursuant to 11 USC 362(d) will be held before the Honorable David S. Jones, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York located at Old Customs House, One Bowling Green, New York, New York 10004-1408, on the 14th day of March 2024 at 10:00 a.m. in the forenoon of that day by telephonic hearing to be held using Zoom for Government[1], or as soon thereafter as counsel may be heard for the following relief:.

(a) Confirming that 11 USC 362 (d) and the Automatic Stay therein did not take effect upon the filing of this case and does not apply in this case with respect to West 30th HL LLC and the continuation of a summary nonpayment proceeding *sub nom. West 30th HL LLC v. Mark Focht, et al,* (the "Proceeding") or any eviction, unlawful detainer action, or similar proceeding by Landlord against the Debtor with respect to the recovery of Apartment 14D, a residential apartment, at 530 West 30th Street, New York, New York (the "Premises");

(b) In the alternative, annulling the automatic stay as to the Proceeding and the Premises pursuant to 11 USC 362(d);

---

[1]Any party appearing at, listening to or observing the Hearing must make an electronic appearance, an eCourt appearance , by using the eCourt appearance portal located on the Court's website at http://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl. Appearances must be entered on or before 4:00 p.m. prevailing Eastern Time the business day before the hearing.

(c)    Permitting the Landlord to proceed with the prosecution of the Proceeding, including the recovery of the Premises and the eviction of the Debtor therefrom,or any successor actions or proceedings, and;

(d)    Granting such other, further, and different relief as the Court may deem just, proper and equitable under the circumstances.

PLEASE TAKE FURTHER NOTICE, that answering papers, if any, must be served upon the undersigned at least three (3) business days prior to the return date of said motion and must be filed electronically with the Bankruptcy Court at least one (1) business day prior to such Hearing Date.

Dated:  New York, New York
       February 20, 2024

Dean Dreiblatt
Yours, etc.,

ROSE & ROSE
Attorneys for Movant-Landlord
291 Broadway, 13th floor
New York, New York 10007
212 349-3366

TO:

MARK A. FOCHT
Debtor
530 WEST 30TH ST.
APT 14D
NY, NY 10001

DEBORAH PIAZZA, ESQ.
CHAPTER 7 TRUSTEE
TARTER, KRINSKY, & DROGIN LP
1350 BROADWAY,
13TH FLOOR
NY, NY 10018

OFFICE OF THE US TRUSTEE
Alexander Hamilton Custom House
One Bowling Green
Room 534
New York, NY 10004

UNITED STATES BANKRUPTCY COURT
SOUTHERN   DISTRICT OF NEW YORK
-------------------------------------------------------------x

Hearing Date: March 14, 2024
Hearing Time: 10:00 a.m.

Chapter 7
Case No.  24-10197(DSJ)

In Re:
MARK A. FOCHT


-------------------------------------------------------------x

**WEST 30th HL LLC's MOTION FOR CONFIRMATION THAT THE AUTOMATIC STAY DOES NOT APPLY PURSUANT TO 11 USC 362(l)(3)(B)(i) OR FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 USC 362(D)**

TO: HON.  UNITED STATES BANKRUPTCY COURT DAVID S. JONES

WEST 30TH HL LLC ("Landlord" ), by its attorneys, ROSE AND ROSE, hereby files this motion for entry of an Order pursuant to 11 USC 362(l)(3)(B)(i) confirming that the automatic stay does not apply to its state court proceeding to evict the Debtor, or pursuant to 11 USC 362(d)(1) for relief from the automatic stay.   For the reasons that follow, Landlord  respectfully requests that the Court issue an Order  pursuant to  11  USC  362(l)(3)(B)(i)   that  11  USC  362(b)(22)  shall  be immediately applicable, such as the automatic stay does not apply to Landlord's continuation of its eviction proceeding against the Debtor or grant relief from the automatic stay; and(b) grant Landlord such other and further relief as the Court deems just.  In support of the motion, Landlord  respectfully states as follows:

**BACKGROUND**

*State Court Proceeding*

1.      Landlord is the owner of real property located at 530 West 30th Street, New York, New York 10011 (the "Building"); a copy of the deed is annexed hereto as Exhibit "A"   Mark A Focht,

-1-

the Debtor herein, is the tenant of Apartment 14D, a residential apartment, in the Building.   A copy

of the last renewal lease between Landlord and the Debtor is annexed hereto as Exhibit "B".

2.      Landlord commenced a summary nonpayment proceeding (the "Housing Court

Proceeding") against the Debtor  by the filing and service of a Notice of Petition and Petition dated

August 14, 2023.   The Petition alleged that $72,248.58 in rent arrears were due through August

2033.  A copy of the Petition and Notice of Petition are annexed hereto as Exhibit "C."

3.      Debtor  defaulted by not appearing or answering the Petition. On October 18, 2023,

Housing  Court granted a judgment of possession on default, with the issuance of the warrant.

(Exhibit "D").

4.      Debtor   subsequently moved,  by Order to Show Cause to vacate his default.  On

November 28, 2023, the parties entered into a "so ordered" Stipulation of Settlement, a copy of which

is annexed hereto as Exhibit "E". In the  November 28, 2023 Stipulation, Debtor  consented to a

money judgment in the amount of $115,613.58  representing rent arrears through November 2023,

and stayed execution of the warrant for payment of  $115,613.58 pursuant to the payment schedule

therein. Notably, the November 28, 2023 Stipulation retained the judgment of possession.

5.      Debtor subsequently defaulted on his payment obligations pursuant to the November

28, 2023 Stipulation.

**Debtor's Bankruptcy Petition**

6.      On February 5, 2024, Debtor filed a Chapter 7 bankruptcy petition; a copy of the

Debtor's petition and papers filed therewith are annexed hereto as Exhibit "F".

-2-

## IN SUPPORT OF LANDLORD'S MOTION

## THERE IS NO STAY AS A MATTER OF LAW

### *The Standard*

7.   11 USC 362(b)(22) states that the filing of a bankruptcy petition "does not operate as a stay"

> **22)** subject to subsection (l), under subsection (a)(3), of the continuation of any eviction, unlawful detainer action, or similar proceeding by a lessor against a debtor involving residential property in which the debtor resides as a tenant under a lease or rental agreement and with respect to which the lessor has obtained before the date of the filing of the bankruptcy petition, a judgment for possession of such property against the debtor

8.   11 USC 362(l)(3)(a) states the following in pertinent part:

> Except as otherwise provided in this subsection, subsection (b)(22) shall apply on the date that the 30 days after the date on which the bankruptcy petition is filed, if the debtor files with the petition and serves upon the lessor a certification upon penalty of perjury that–
> (A) under nonbankruptcy law applicable in the jurisdiction, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment of possession, after that judgment for possession was entered, *and;(B) the debtor (or an adult dependent of the debtor) has deposited with the clerk of the court any rent that would become due during the 30-day period after the filing of the bankruptcy petition.* (Emphasis added).

9.   In other words, the automatic stay resulting from the filing of a bankruptcy petition does ***not*** apply to a residential tenant  where there is a final judgment for possession in a state court such as Housing Court unless the debtor files a certification that (a) there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment of possession, after that judgment for possession was entered, ***and;*** (b) the debtor deposits any rent coming due within the next 30 days with the court.

10.    In *In Re Plumeri*, 434 BR 315 (SDNY 2010), the Court affirmed the imposition of

sanctions upon a debtor's attorney for failing to disclose the existence of a prepetition judgment in

Housing Court.  The Court stated the following in pertinent part:

> As a general matter, until recently, the filing of a federal bankruptcy
> petition by a residential tenant-debtor would halt any pending or
> potential eviction proceedings by that tenant-debtor's landlord.  The
> basis for this rule is the 'automatic stay provision of the Bankruptcy
> Code.....Although a lessor could obtain relief from the automatic stay
> if it could demonstrate the existence of certain statutorily defined
> circumstances, the lessor would first be required to appear in the
> debtor's bankruptcy proceedings and petition the bankruptcy court in
> order to do so.
>
> In 2005, however, Congress revised the Bankruptcy Code's interaction
> with the field of landlord-tenant law by enacting the Bankruptcy Abuse
> Prevention and Consumer Protection Act of 2005 ("BACCPA").
> Among other things, the BACCPA amended the Bankruptcy Code to
> exempt from the operation of the automatic stay all nonbankruptcy
> enforcement proceedings undertaken by a lessor related to a pre-
> petition judgment of possession obtained by the lessor against a
> residential tenant-debtor... Thus, in order for a debtor to avoid the
> immediate operation of 362(b) (22) and thereby stay eviction, the
> debtor must (1) reside in a jurisdiction in which the debtor is able to
> cure the entire monetary default that gave rise to the judgment for
> possession; (2) certify that the circumstance is applicable to the debtor
> (ie., that the judgment of possession was premised on a monetary
> rather than a non-monetary default) and; (3) deposit with the clerk of
> the bankruptcy court any rent that would become due during the 30-
> day period after filing for bankruptcy.

11.    The Court also explained the consequences of failing to disclose a pre-petition

judgment of possession and comply with the certification and rent deposit requirement as follows:

> The Bankruptcy Code, as amended by BACCPA, does not specifically
> address the circumstance in which a bankruptcy debtor fails to disclose
> a prepetition judgment of possession in the first instance as required
> by 362(l)(5). The bankruptcy court clerk's duty to serve a notice of the
> applicability of 362(b)(22) extends to circumstances in which the
> bankruptcy debtor has disclosed a prepetition judgment but has not

-4-

properly made the accompanying certifications.    Nevertheless, because the section 362(l) disclosure and certification process is the sole means contemplated by the Bankruptcy Code for forestalling the applicability of 362(b)(22), it follows from the statutory structure outlined above that if **no** prepetition judgment of possession is disclosed by the debtor at the time of filing for bankruptcy, 362(b)(22) is immediately effective and no stay of eviction exists. As a result, if a debtor intends, by filing for bankruptcy, to forestall her eviction, she must disclose the existence of any pre-petition judgment of possession and promptly file the certifications required by 362(l). (Emphasis in original).

12.    This defect is not curable by amendment.    The required certification and the rent deposit must be filed with the Petition at the same time that the Petition is filed.

13.    In *In Re Harris*, 424 BR 44 (EDNY 2010), the Court held that the automatic stay did not apply to a debtor-tenant where the landlord had obtained a prepetition judgment of possession and where the debtor-tenant failed to file the statutorily-required certification.    The Court stated the following in pertinent part:

[I]f an eligible debtor makes the certifications required by Section 362(l)(1) upon the filing of the petition, and deposits the rent that will become due, then a landlord cannot foreclose upon the property for 30 days after the petition is filed.  But if the debtor does not make the certifications with her petition, then, absent some relief from the court, the filing of the debtor's petition will not operate as a stay of the continuation of the landlord's eviction proceedings. (Citations omitted).

14.    The Court further held that an attempt by the debtor to amend her petition to retroactively include the required certifications would be ineffective to retroactively trigger the automatic stay because "section 362(l)(4) makes it clear that if a debtor does not file the certifications, section 362(b)(22) takes effect immediately.  That is, when the Debtor did not file the certifications required by Section 362(l)(1)(A) and (B) , the automatic stay did not apply to the continuation of the

eviction proceeding."

***The Standard Applied***

15.    Here, the Debtor never deposited any rent with the Clerk of this Court, contrary to his

representation to the Court.    Debtor's bankruptcy filing includes a form certification ("Official Form

101A"), which states the following in pertinent part:

> ***I certify under penalty of perjury that***:
>
> Under the state or other nonbankruptcy law that applies to the
> judgment for possession (eviction judgment) I have the right to stay in
> my residence by paying the landlord the entire delinquent amount.
>
> ***I have given the bankruptcy court clerk a deposit for the rent that
> would be due during the 30 days after I file the Voluntary Petition
> for Individuals Filing for Bankruptcy*** (Official Form 101) (Emphasis
> added).

16.    Debtor lied to this Court. Debtor never deposited any rent with the Bankruptcy Court.

On February 15, 2024, the Bankruptcy Court issued a Notice to Debtor and Landlord, a copy of which

is annexed hereto as Exhibit "G", stating the following in pertinent part:

> Please note, that, as of this date, the debtor has failed to satisfy the
> requirements of 11 USC Section 362 (1)(B) and Local Rule 4001-1.1
> by failing to provide the Clerk of Court Official Form 101A and
> deposit of any rent that would become due during the 30 day period
> after the filing of the bankruptcy petition.

17.    Accordingly, there is no automatic stay applicable to the Debtor as the Debtor has filed

to comply with 11 USC 362(l).

18.    Moreover, even if Debtor had complied with 11 USC 362(l) by filing the requisite

certification and depositing rent for the next 30 days with the Clerk of the Bankruptcy Court–and

Debtor has not complied, as shown the annexed Notice–such stay would only last for 30 days from

the date of filing, ie, only through March 7, 2024. In order for the automatic stay to last beyond the

30 day period,, a debtor against whom a  a pre-petition judgment of possession has issued for a

residential premises–such as Debtor herein–must comply with 11 USC 362(l)(2).That provision states

the following in pertinent part:

> (2) If, within the 30-day period after the filing of the bankruptcy petition, the debtor (or an adult dependent of the debtor) complies with paragraph (1) and files with the court and serves upon the lessor a further certification under penalty of perjury that the debtor (or an adult dependent of the debtor) has cured, under nonbankruptcy law applicable in the jurisdiction, the entire monetary default that gave rise to the judgment under which possession is sought by the lessor, subsection (b)(22) shall not apply unless ordered to apply by the court under paragraph (3).

19.     In other words, in order to obtain a bankruptcy stay extending beyond thirty days (i.e,

beyond March 7, 2024), Debtor is required to pay the entire judgment amount–$115,613.58–to

Landlord. It is highly problematic whether Debtor  herein, who has filed a Chapter 7 bankruptcy

petition based on his lack of income and assets and who is making an application to pay the filing fee

in installments, would or could pay off the entire amount of the judgment herein–$115,613.58-- in

order to obtain a stay beyond thirty days.

20.     Accordingly, it is respectfully requested that the Court determine that the automatic

stay is not applicable to the Debtor and to the Housing Court Proceeding. A copy of a proposed Order

is annexed hereto as Exhibit "H"..

**IN THE ALTERNATIVE, THE COURT SHOULD VACATE THE AUTOMATIC STAY**

21.     As shown above, the automatic stay does not apply to the Debtor herein. Nonetheless,

if this Court determines that 11 USC 362(b)(22) is not operative, the Landlord is entitled to relief

from the automatic stay.

**Lack of Adequate Protection**

      22.    The Landlord is entitled to relief from the automatic stay pursuant to 11 USC 362(d).

Section 362(d)(2) of the Bankruptcy Code states the following in pertinent part:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay
>
> (1) for cause, including the lack of adequate protection of an interest in property by such party in interest;
>
> (2) with respect to a stay of an act against property under subsection (a) of this section if-
>
> (A) the debtor does not have an equity interest in such property and;
>
> (B) such property is not necessary to an effective reorganization.

      23.    Here, the Debtor does not have an equity interest in the property, as he is a tenant. Moreover, Housing Court has issued a judgment of possession. Further, there no possibility of a successful reorganization in this case, as this is a Chapter 7 case. It is also apparent that Debtor does not even have the ability to pay current rent, as he has not made any deposit with the Clerk and has made an application to this Court to have the filing fee waived or paid in installments.

**REQUEST FOR WAIVER OF BANKRUPTCY RULE 4001(A)(3)**

      24.    Landlord respectfully requests that in light of the State Court Order and judgment, and the Debtor's inability to pay Landlord for postpetition use and occupancy of the premises, Landlord should be entitled to effectuate any relief the Court may grant immediately. Accordingly, Landlord seeks relief from the 14-day stay of enforcement of any order granting relief from the automatic stay provided in Bankruptcy Rule 4001(a)(3).

WHEREFORE, it is respectfully requested that the Landlord's motion confirming that the

automatic stay does not apply to the Housing Court proceeding and to the eviction of the Debtor, or,

in the alternative grant to the Landlord relief from the automatic stay to proceed with the Housing

Court proceeding including the eviction of the Debtor, and for such other further and additional relief

as the Court deems just and proper.

Dated:       New York, New York
             February 20, 2024

_____
Dean Dreiblatt
Yours, etc.,

ROSE & ROSE
Attorneys for WEST 30TH HL LLC
291 Broadway, 13th floor
New York, New York 10007
212 349-3366
ddreiblatt@roseandroselaw.com