UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
In re:                                                  :
                                                        :       Chapter 7
**MARK A. FOCHT,**                                      :
                                                        :       Case No. 24-10197 (DSJ)
                              Debtor.                   :
------------------------------------------------------------------------x

**MODIFIED BENCH RULING[1] DETERMINING THAT 11 U.S.C. § 362(b)(22) APPLIES
IMMEDIATELY OR, IN THE ALTERNATIVE, THAT THE AUTOMATIC STAY IS
LIFTED PURSUANT TO 11 U.S.C. § 362(d)(1)**

**APPEARANCES:**

ROSE & ROSE
*Counsel for WEST 3OTH HL LLC*
291 Broadway, 13th floor
New York, New York 10007
By:    Dean Dreiblatt, Esq.

---

[1] At a hearing on March 14, 2024, the Court issued an oral bench ruling granting West 30th HL LLC's motion for relief relating to the automatic stay to the extent stated on the record, and soon thereafter entered a short order effectuating that oral ruling. [ECF No. 17]. This Modified Bench Ruling memorializes and, in limited respects, expands upon the reasoning the Court stated in its oral ruling, citing additional authority but not altering the Court's analysis or conclusions.

1

**DAVID S. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

Before the Court is the unopposed motion of residential landlord West 30th HL LLC (the "**Landlord**"), seeking confirmation that the automatic stay is inapplicable pursuant to 11 U.S.C. § 362(l)(3)(B)(i) or for relief from the automatic stay pursuant to 11 U.S.C. § 362(d). *See* Motion to Confirm Termination or Absence of Stay [ECF No. 12] (the "**Motion**"). The case involves an individual debtor, Mark A. Focht ("**Debtor**" or "**Mr. Focht**"). Mr. Focht filed a voluntary Chapter 7 petition (the "**Petition**") on February 5, 2024 (the "**Petition Date**"). *See* Petition [ECF No. 1]. When he filed the Petition, Mr. Focht was subject to a pre-petition judgment of eviction in favor of the Landlord. When he filed his Petition, the Debtor also filed a certification both that he was legally entitled to retain possession of his apartment by curing his monetary default and that he had deposited rent due during the first thirty days following the Petition Date. Under Bankruptcy Code Section 362(l)(1), this certification triggered statutory relief from Section 362(b)(22), which, unless subsection (l) protections apply, renders the automatic stay inapplicable to residential tenants who file bankruptcy proceedings when subject to a pre-petition judgment for possession. Mr. Focht's certification, despite having been made under the penalty of perjury, was false, as he has not made the required post-petition rent deposit.

To afford the immediate relief to which the Landlord is statutorily entitled, the Court granted the Motion in an oral ruling during a hearing on March 14, 2024, (the "**Hearing**"), and entered an Order determining that Section 362(b)(22) is immediately applicable or, alternatively, that the automatic stay is lifted pursuant to Section 362(d)(1) (the "**Order**"). *See* Order [ECF No. 17]. The Court writes separately to make this decision more readily available to the bar because there is a relative paucity of caselaw applying and explaining the controlling Bankruptcy Code provisions in this potentially recurring scenario.

2

## BACKGROUND

In his Petition, the Debtor checked the box on his form petition indicating that the Landlord had obtained a pre-petition eviction judgment against him. [ECF No. 1]. Concurrently, the Debtor filed Official Form 101A, titled "Initial Statement About an Eviction Judgment Against You" (the "**Certification**"), certifying under penalty of perjury that under state law, the Debtor has the right to remain in his residence by paying the Landlord the entire delinquent amount, and that he has given the clerk of court a deposit for any rent due during the thirty days following the Petition Date. *See* Certification [ECF No. 3]. The Certification was and remains undisputedly false, and, despite the rent-deposit procedures of this Court's Local Bankruptcy Rule 4001-1.1, the Debtor has never deposited any rent with the Clerk, as evidenced by the Clerk's February 15, 2024 notice confirming the lack of receipt of funds. [ECF No. 9].

On February 21, 2024, the Landlord filed the Motion and attached a Landlord and Tenant Judgment ("**Judgment of Possession**") and warrant entered against the Debtor[1] by the New York County Housing Court on October 18, 2023 ("**Eviction Proceeding**"). [ECF 12-4]. The Motion also attached a subsequent so-ordered Stipulation of Settlement entered by the Housing Court on November 28, 2023 ("**Stipulation**"). [ECF No. 12-5]. The Debtor defaulted on his payment obligations pursuant to the Stipulation and filed a chapter 7 petition on February 5, 2024. *See* Motion at ¶ 5.

Having carefully considered the Landlord's Motion, the record of the case, and applicable law, the Court granted the Motion to the extent provided in the Order.

## DISCUSSION

In 2005, the Bankruptcy Code was amended to add Section 362(b)(22) to provide greater protection to landlords and prevent tenants from filing bankruptcy to forestall an eviction. *See*

---

[1] The Judgment of Possession was also entered against a non-debtor co-tenant.

3

David Koha, *Eviction Proceedings and the Automatic Stay*, NORTON ANN. SURV. OF BANKR. LAW Part II § 14 (Sept. 2012). Section 362(b)(22) provides that that automatic stay does not apply to –

> [t]he continuation of any eviction, unlawful detainer action, or similar proceeding by a lessor against a debtor involving residential property in which the debtor resides as a tenant under a lease or rental agreement and with respect to which the lessor has obtained before the date of the filing of the bankruptcy petition, a judgment for possession of such property against the debtor.

11 U.S.C. § 362(b)(22).

The 2005 amendments also include a separate provision, Section 362(l), that afforded tenants some protection from the operation of Section 362(b)(22). Section 362(l) provides a limited exception to the automatic stay's immediate ineffectiveness under Section 362(b)(22), providing that subsection (b)(22) "shall apply on the date that is 30 days after the date on which the bankruptcy petition is filed," 11 U.S.C. § 362(l)(1), but only if the debtor files with the petition a certification that–

> (A) under nonbankruptcy law applicable in the jurisdiction, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after that judgment of possession was entered; and
>
> (B) the debtor . . . has deposited with the clerk of the court, any rent that would become due during the 30-day period after the filing of the bankruptcy petition.

11 U.S.C. § 362(l)(1)(A) and (B).[2]

In other words, although subsection (b)(22) provides that the automatic stay does not bar continuation of any eviction or similar proceeding if the landlord has obtained a prepetition judgment for possession, that exception to the automatic stay becomes effective only thirty days after the petition date so long as the debtor files the required certification. *But see* 11 U.S.C. § 362(l)(3) (providing opportunity for landlord to object and seek earlier ruling that automatic stay

---

[2] For the automatic stay to continue beyond the thirty day period, the debtor must file a further certification and pay the entire monetary default that gave rise to the eviction judgment. 11 U.S.C. § 362(l)(2).

is inapplicable, as discussed below).

The Court's Local Bankruptcy Rule 4001-1.1 ("**LBR 4001-1.1**") provides that a debtor is deemed to have complied with § 362(l)(1) by making the required certification and depositing any rent that would be due during the thirty-day period after the filing of the petition. If the debtor complies with LBR 4001-1.1 requirements, the Clerk's Office sends a notice of compliance to the lessor, who then has an opportunity to consent to receive the check or to file an objection. *See* LBR 4001-1.1(b); 11 U.S.C. § 362(l)(3)(A). In this case, the Debtor filed the Certification but did not actually deposit any funds with the Clerk.

The Landlord argues that the Debtor failed to comply with Section 362(l)(1), and that therefore there was never any stay applicable to the Eviction Proceeding. The Landlord's argument is premised on the mistaken view that an actual deposit of the rent is required to trigger Section 362(l)(1) and its postponement of Section 362(b)(22)'s exception to the automatic stay. This view is inconsistent with the statutory language of Section 362(l)(1), which, read literally, does not require actual payment of the required deposit; rather, Section 362(l)(1) merely requires the filing of a "certification" as specified by subsections (A) and (B) of Section 362(l)(1). In other words, under the statute's plain language, the mere filing of such a certification delays the applicability of Section 362(b)(22) for thirty days or until otherwise determined by the Court – even if the debtor did not make the required deposit. *But see In re Soto*, 500 B.R. 679, 682 (Bankr. S.D.N.Y. 2013) (describing Section 362(l)(1) as requiring, in part, actual payment by the debtor of the required rental deposit). The Court's LBR 4001-1.1 provides a helpful mechanism to facilitate compliance with the rental deposit requirement, but the local rule does not purport to alter the meaning or requirements of Section 362(l)(1).

The Code nevertheless gives landlords a swift remedy in the event a debtor files a false certification. Section 362(l)(3)(A) provides procedures under which the landlord may file an

5

"objection" to the debtor's certification and seek relief from the court. If the court upholds the objection, then Section 362(b)(22) applies immediately, such that it becomes unnecessary for the court to provide or the landlord to obtain relief from the automatic stay to pursue state-court eviction remedies. *See* 11 U.S.C. § 362(l)(3)(B)(i).

Here, there is no dispute that the Debtor's certification was false and that the required deposit was never made. Accordingly, the Court construes the Landlord's Motion as an objection pursuant to Section 362(l)(3)(A). Because no rent has been deposited or otherwise paid by the Debtor, the Court upholds the Landlord's objection. As a result, 11 U.S.C. § 362(b)(22) applies immediately, and the Landlord is free to pursue eviction or similar state-court remedies.[3]

Finally, the Landlord moved in the alternative for relief from the automatic stay to the extent it ever applied in this case. To the extent the stay is or was ever in effect, the falsity of Debtor's certification and his ongoing failure to pay rent constitute cause to lift the stay under 11 U.S.C. § 362(d)(1), which creates yet another alternative basis of the Court's ruling.

## CONCLUSION

This Bench Ruling does not alter the substance or effect of the Order previously entered by the Court to effectuate its March 14, 2024 oral ruling [ECF No. 17]. The Landlord's Motion is granted as set forth in the Court's Order and for the reasons stated above.

Dated: New York, New York
      March 19, 2024

                                      *s/ David S. Jones*
                                      Honorable David S. Jones
                                      United States Bankruptcy Judge

---

[3] Thirty days have passed since the Debtor's bankruptcy petition. The Court takes judicial notice of the fact that the Debtor has failed to file a second certification of full payment of all rent arrearages as required under Section 362(l)(2). This failure now constitutes an additional and independent reason that Section 362(b)(22) is immediately applicable. *See* 11 U.S.C. § 362(l)(4)(A).